**NOT FOR PUBLICATION**

SEP 17 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARITA FRANCISCA CORCINO-OSORNIO, a.k.a. Margarita Corsena Ocenario; PEDRO BARRERA, a.k.a. Pedro Parrera, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71181 <br><br> Agency Nos. A098-460-177 <br> A098-460-178 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Margarita Francisca Corcino-Osornio and Pedro Barrera, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("BIA") order denying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where they filed the motion more than thirteen months after their final order of removal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within 90 days of final order), and failed to show the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 678-80 (9th Cir. 2011) (equitable tolling is available to a petitioner who establishes that he suffered from deception, fraud or error, and exercised due diligence in discovering such circumstances). It follows that petitioners' due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

We lack jurisdiction to review petitioners' contention that their second attorney provided ineffective assistance of counsel because they failed to raise that claim before the BIA, and thereby failed to exhaust their administrative remedies.

*See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not presented before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

11-71181